No. 23-30647

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

Christopher Ivan Lund, Plaintiff - Appellant

v.

Coastal Development Group Incorporated of Greater New Orleans; Bienville Broads, L.L.C., Defendants - Appellees

**On Appeal from**

United States District Court for the Eastern District of Louisiana

2:23-CV-1805

**BRIEF OF APPELLEES BIENVILLE BROADS, L.L.C. AND COASTAL DEVELOPMENT GROUP INCORPORATED OF GREATER NEW ORLEANS**

SUBMITTED BY:

/s/ *KYLE S. SCLAFANI* (**#28219**)
4130 Canal Street, Ste. A.
New Orleans, Louisiana 70119
Telephone: (504) 875-4079
Facsimile: (504) 910-4324
Email: kyle@kylesclafanilaw.com

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Bienville Broads, L.L.C. | Kyle Sclafani New Orleans, LA |
| Coastal Development Group Incorporated of Greater New Orleans | Kyle Sclafani New Orleans, LA |
| Beverly Gariepo, Tax Collector for the City of New Orleans | Donesia D. Turner New Orleans, LA James Michael Roquemore New Orleans, LA Tanya L. Irvin New Orleans, LA |

| Appellants: | Counsel for Appellants: |
|---|---|
| Christopher Lund | Gregory Swafford of Law Office of Gregory Swafford New Orleans, LA |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| Jessie Campora (Principal Bienville Broads, LLC) | Kyle Sclafani |
| MJ Sauer (Principal Bienville Broads, LLC) | Kyle Sclafani |
| Jason Stearman (Principal, Coastal Development) | Kyle Sclafani |
| State of Louisiana | Honorable Jeff Landry, LA Attorney General |

/s/ *Kyle S. Sclafani*
Attorney of record for Bienville Broads, LLC and Coastal Development Group

## STATEMENT REGARDING ORAL ARGUMENT

Bienville Broads and Coastal Development Group Inc. of Greater New Orleans, through undersigned counsel, respectfully suggest oral argument is not necessary or appropriate in this matter.

## TABLE OF CONTENTS

Contents……………………………………………………………………Pages(s)

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ................................................ ii

TABLE OF CONTENTS ......................................................................................... iii

TABLE OF AUTHORITIES .....................................................................................4

STATEMENT OF THE CASE ..................................................................................5

SUMMARY OF THE ARGUMENT .........................................................................9

ARGUMENT ...........................................................................................................10

CONCLUSION ........................................................................................................12

CERTIFICATE OF SERVICE .................................................................................14

CERTIFICATE OF COMPLIANCE .......................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Coastal Development Group, Inc. of Greater New Orleans v. Christopher I. Lund and Federal National Mortgage Association (Fannie Mae)*" in Civil District Court for the Parish of Orleans, No. 2020-5093 ........................................................5

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.1994)………………………11

*Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)……………………………………………………………………………...11

**Statutes**

La. R.S. 47:2286 ................................................................................................11
R.S. 47:2162....................................................................................................11

## STATEMENT OF THE CASE

Plaintiff Lund was the titled owner of certain immovable property located at 3420-22 Bienville Avenue, New Orleans Louisiana (the "Property"). (ROA.7) Coastal Development Group, Inc. of New Orleans ("Coastal") acquired a ninety-nine (99%) percent interest in the Property when it paid the outstanding *ad valorem* taxes on the Property on April 10, 2018 in a tax sale certificate bearing Instrument Number 2018-19447 recorded on May 9, 2018 in Orleans Parish Land Records. (ROA.48) Coastal filed suit to quiet and confirm title to the Property in a proceeding entitled "*Coastal Development Group, Inc. of Greater New Orleans v. Christopher I. Lund and Federal National Mortgage Association (Fannie Mae)*" in Civil District Court for the Parish of Orleans, No. 2020-5093, Division "B" (hereinafter the "State Court Proceeding"). (ROA.39) Lund was personally served with Coastal's petition and filed an Answer in which he generally denied all substantive allegations in the Petition and raised affirmative defenses. (ROA.95) Lund took no other steps in the defense of the matter. Lund did not attempt to annul the underlying tax sale, or to redeem the unpaid taxes, or challenge the constitutionality of the statutes governing the tax sale process.

Coastal filed a Motion for Partial Summary Judgment on April 21, 2021 and personally served Lund. (ROA.98). On November 3, 2021, judgment was rendered in favor of COASTAL quieting and confirming the ninety-nine (99%) percent interest in the title to the Property against Lund in the State Court Proceeding. (ROA.132).

On April 4, 2022 Lund, through counsel, filed a Motion for New Trial. (ROA.135) Lund argued that the Trial Court's Judgment was contrary to the law and evidence because the redemptive period within which he could have redeemed the tax sale was three (3) years and not eighteen (18) months. (ROA.139, 140). Lund argued that the judgment in favor of Coastal was an absolute nullity and void *ab initio* based upon a "defect patent on the face of the proceeding" because Coastal prematurely filed the Petition in Suit to Confirm and Quiet Title on June 23, 2020. Lund averred that he was not personally or otherwise served by the special process server, and that Coastal misrepresented the completion of service upon Lund to the Court. (ROA.136).

On April 11, 2022, Lund filed a "Motion for Absolute Nullity of Quiet Title Judgment For Defect Patent on the Face of the Proceeding." (ROA.148). The motion raised essentially the same arguments advanced in support of Lund's Motion for New Trial.

On April 19, 2022, Judge Rachel Johnson heard Lund's Motion for New Trial and signed an order denying it May 9, 2022. (ROA.160). On May 5, 2022, Judge Johnson heard Lund's Motion for Absolute Nullity and signed an order denying it May 9, 2022. (ROA.164). On August 11, 2022, Judge Johnson issued written reasons for her judgments denying Lund's motions. (ROA.166).

Lund filed a motion for Devolutive Appeal with the Louisiana Court of Appeal for the Fourth Circuit. (ROA.169). On appeal, Lund assigned two errors. First, Mr. Lund argued the trial court erred in denying his motion for new trial because factual issues remained as to whether the eighteen-month or the three-year redemption period applied. (ROA.174, 175). Lund further argued that, assuming the three-year redemption period applied, his December 2020 answer interrupted or suspended the redemption period. (ROA.175).

On January 11, 2023, the Louisiana Court of Appeal for the Fourth Circuit affirmed the Trial Court's ruling. (ROA.178). The Court of Appeal agreed with the Trial Court noting: "even if the three-year period applied, Mr. Lund failed to avail himself of redemption before peremption extinguished his right to redeem the Property." (ROA.177). The Fourth Circuit further noted that, contrary to Lund's argument, "[his] answer did nothing to demand enforcement of his right to redemption…[and] thus failed to suspend or interrupt the redemption period." (ROA.178).

7

On or about February 13, 2023, Lund filed a writ of *certiorari* to the Louisiana Supreme Court seeking review of the Fourth Circuit's decision. (ROA.179). However, Lund failed to submit his brief timely, and on April 12, 2023 the Louisiana Supreme Court dismissed his writ application. (ROA.181).

On May 30, 2023, Lund filed a complaint in the United States District Court for the Eastern District of Louisiana naming Coastal, Bienville Broads, LLC (Coastal's successor-in-interest), and the City of New Orleans as Defendants in what was styled as a declaratory judgment action. (ROA.6). Lund argued he (and mortgagor Fannie Mae) were deprived of pre-sale and post-sale notice of the tax sale and denied due process rights under the Fourteenth Amendment to the United States Constitution. (ROA.7, 8). Lund also asserted a challenge to the constitutionality of the statutory framework in Louisiana limiting debtors from challenging a tax sale as an absolute nullity on grounds of inadequate notice. Lund asserted these statutes violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (ROA.9)

Coastal and Bienville filed a motion to dismiss Lund's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that it was barred under the doctrine of *res judicata.* (ROA.26). Coastal and Bienville argued dismissal of the complaint was proper because all of the parties' rights in the property and the validity of the tax sale had previously been adjudicated and were subject to a final judgment

in the State Court Proceeding. (ROA.32, 35) Under Louisiana law, Coastal and Bienville asserted all issues arising from the transaction subject of the State Court Proceeding were merged into the judgment(s) and could not be re-litigated in federal court. (ROA. 35, 36).

On August 17, 2023, Judge Eldon C. Fallon granted the Motion to Dismiss on grounds of *res judicata* which is the subject of this appeal by Lund. (ROA.270, 277). As explained below, Judge Fallon agreed with Coastal and Bienville and determined Lund's complaint failed to state a claim.

## SUMMARY OF THE ARGUMENT

Lund asserts, incorrectly, that the lower court failed to "make a determination on the merits of the claim of absolute nullity" which warrants reversal. In short, Lund conflates the procedural history of the State Court Proceeding (which was concluded and subject to a final judgment) with that of the proceeding commenced in federal court thereafter. However, it undisputed that Lund filed a Motion for Absolute Nullity in the State Court Proceeding that was denied, and that he failed to appeal that ruling. Thus, all of the issues he attempted to raise in the federal court proceeding were merged into and subject to a "final judgment". The lower court determined, correctly, the judgment on the absolute nullity issue in the State Court Proceeding was "indisputably final".

Lund also argues that a federal district court has jurisdiction to examine the merits of a final judgment of a state court. There is simply no legal basis for this argument. Lund's alternative argument fails as the final judgment in the State Court Proceeding cannot be "collaterally attacked" in a federal proceeding and the *Rooker-Feldman* doctrine precludes the review he sought from the lower court.

## ARGUMENT

**Lund's Motion for Absolute Nullity Was Indisputably Final in the State Court**

Lund misstates the procedural history of this case in an attempt to revive an indisputably final judgment in the State Court Proceeding. As will appear in the record, the "merits" of the Lund's absolute nullity argument were never considered by the district court in this matter because it was subject to a final judgment in the State Court Proceeding. Lund raised the absolute nullity issue and lost at the state district court, failed to timely appeal to the Fourth Circuit, and then failed to timely file an appeal to the Louisiana Supreme Court. In short, neither of the "issues" raised in the appeal by Lund were even considered by the lower court in this proceeding. The district court in this case correctly determined "the state court judgment is indisputably final." (ROA.276).

As noted by the district court, Lund filed a Motion for Absolute Nullity to Quiet Title that was denied by the Judge Johnson in the *state court proceeding*, and

Lund failed to appeal that ruling. (ROA.276). Lund conflates the determination made by the state court (i.e. only relative nullities are recognized under Louisiana tax sale law) with the ruling of the lower court in the federal proceeding *i.e.,* that *res judicata* bars Lund's second action. The district court properly determined:

> "Lund filed a Motion for Absolute Nullity of Quiet Title in state court, R. Doc. 6-8. Judge Johnson denied that motion, R. Doc. 6-11 at 4, finding that the Court did not need to determine which redemptive period applied because Lund did not attempt to redeem the property within either. Id. at 4.
>
> Further, as Lund acknowledges in his complaint in this Court, Louisiana law makes it clear that a tax sale may only be set aside in the event of "a payment nullity, redemption nullity, or a nullity under R.S. 47:2162[.]" La. R.S. 47:2286. Judge Johnson found that he could assert none of these grounds. R. Doc. 6-11 at 3.
>
> **The Fourth Circuit Court of Appeals, in its opinion on Lund's appeal of his Motion for a New Trial, noted that Lund did not appeal the Motion for Absolute Nullity.** R. Doc. 6-13 at 4. (ROA.276) (Emphasis added).

As the district court correctly concluded, Lund cannot circumvent the final judgment in the State Court Proceeding by filing a "new" complaint in federal court, and that decision should be affirmed.

### Lund's Argument That The District Court Should Have Examined the "Absolute Nullity" Issue Is Precluded by The "*Rooker/Feldman*" Doctrine

Lund seems to argue – with no legal authority in support—that Judge Fallon should have examined the ruling of Judge Johnson in the State Court Proceeding denying his Motion for Absolute Nullity. However, the *Rooker/Feldman* doctrine

holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.1994), citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (the jurisdiction of the District Court "is strictly original"). A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. *Id.* If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision," and the originality of the district court's jurisdiction precludes such a review. *Id.*

Indeed, a review of the "issues" presented by Lund on this appeal on their face demonstrate that the district court's ruling was appropriate. The *Rooker/Feldman* doctrine precluded Judge Fallon from conducting the review Lund asks this Court to impose.

## CONCLUSION

The time and place for Lund to make the argument regarding the denial of the Motion for Absolute Nullity would have been to the Louisiana Fourth Circuit, not to this Court in seeking review of the lower court's granting of Bienville' Motion to Dismiss. Lund failed to do that, and his rights of appeal were extinguished when

he failed to timely file a writ for *certiorari* with the Louisiana Supreme Court. Accordingly, Bienville prays this Court will *affirm* the lower court's ruling dismissing Lund's complaint with prejudice.

Respectfully submitted,

*S/*Kyle S. Sclafani

_____

**KYLE S. SCLAFANI (#28219)**

4130 Canal Street, Ste. A.

New Orleans, Louisiana 70119

Telephone: (504) 875-4079

Facsimile: (504) 910-4324

Email: kyle@kylesclafanilaw.com

# CERTIFICATE OF SERVICE

I certify that on December 4, 2023, the foregoing document was forwarded via electronic mail and U.S. Mail on today's date to the following parties/counsel:

***S/Kyle S. Sclafani***

| | |
|---|---|
| Beverly Gariepo, Tax Collector for the City of New Orleans | Donesia D. Turner New Orleans, LA James Michael Roquemore New Orleans, LA Tanya L. Irvin New Orleans, LA |

| | |
|---|---|
| Christopher Lund | Gregory Swafford of Law Office of Gregory Swafford New Orleans, LA |

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5th CIR. R. 32.1: this document contains 2474 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Times New Roman in 14 point font.

***S/Kyle S. Sclafani***
